## BURTON *v.* BENTLEY.

PATENT APPEALS; TIME WITHIN WHICH APPEALS MUST BE TAKEN.

Under Rule XX of this court providing that appeals from the Patent Office shall be taken within forty days from the date of the ruling or order appealed from, the prescribed time must be computed to commence from the date of the ruling or order, excluding the day of the date, and not from the date of the notice of the order sent by the Patent Office to the party against whom the order is made or his attorney.

No. 128. Patent Appeals. Submitted March 14, 1899. Decided April 4, 1899.

HEARING on a motion to dismiss an appeal from a decision of the Commissioner of Patents. *Granted.*

*Mr. Frank C. Somes* for the appellant.

*Mr. George P. Whittlesey* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

Motion has been made in this case to dismiss the appeal taken from the order of the Commissioner of Patents, dated December 10, 1898. The facts as conceded clearly show that the appellant, George D. Burton, has not brought his case here in conformity to Rule XX of this court. By the second section of that rule, it is provided, that appeals taken from the Patent Office "shall be taken within forty days *from the date of the ruling or order appealed from,* and not afterward." It appears that the order appealed from was made and signed by the Commissioner of Patents on December 10, 1898, and that it was placed with the file or docket clerk the same day, and the latter marked the date of filing on the file wrapper as of that day, though it is *alleged* that the filemark was not actually placed thereon until December 12, 1898. The entry as it appears is as follows: "9 Comm's Decision, Dec. 10, 1898." There is no question but that the order was made and signed by the Commissioner on December 10, 1898, and that it was the same day deposited with the file clerk in the usual course of proceeding. The appeal was not taken until January 20, 1899—too late, if the period of forty days be computed to commence from December 10, 1898, the date of the order appealed from. It is true, the notice of the order sent out to the appellant, or to his attorney, was not sent out until Monday, December 12, 1898; but the rule limiting the time of appeal has no reference to the notice of the order given to the appellant or his attorney. It is from the date of the ruling or order; that is to say, within forty days from that date, that the appeal must be taken, and not the time of sending notice of the order to the party against whom it is made.

The terms of the rule must be allowed their ordinary meaning and import, and they plainly limit the commence-

ment of the period of forty days, within which an appeal can be taken, *from the date of the order appealed from*, excluding the day of the date. *Bemis* v. *Leonard*, 118 Mass. 502; *Sheets* v. *Selden*, 2 Wall. 189. To allow the time to be computed from any other act or event, in the course of the proceeding, would certainly not be within the terms of the rule, but, on the contrary, would be plainly violative of those terms. It is not pretended that the appellant has been surprised or in any manner prejudiced by computing the time of taking the appeal from the date of the order, as he has had ample time within which to take the appeal; and as he has thought proper to delay the taking of the appeal until after the time has elapsed, he has no one to blame but himself.

The appeal must be dismissed, and it is so ordered.

*Appeal dismissed.*