**Eddy W. ECKEY, Appellant,**

v.

**Robert C. WATSON, Commissioner of Patents, Appellee.**

**No. 14964.**

United States Court of Appeals District of Columbia Circuit.

Argued June 3, 1959.

Decided June 25, 1959.

Mr. Edward F. McKie, Jr., Washington, D. C., with whom Messrs. Edward S. Irons and Harold J. Birch, Washington, D. C., were on the brief, for appellant.

Mr. Arthur H. Behrens, Attorney, United States Patent Office, with whom Mr. Clarence W. Moore, Solicitor, United States Patent Office, was on the brief, for appellee.

Before WILBUR K. MILLER, FAHY and WASHINGTON, Circuit Judges.

PER CURIAM.

The question here is whether the Commissioner of Patents has the authority to extend the sixty-day period, fixed by Rule 304 of the Rules of Practice of the Patent Office, 37 C.F.R. § 1.304 (Supp. 1959), 35 U.S.C.Appendix,[1] for the filing of suits in the District Court under Section 145 of Title 35, U.S.Code. Rule 304 was adopted pursuant to Section 145, which authorizes the Commissioner to "appoint" the time within which suits under that section may be brought.[2]

Plaintiff-appellant's complaint under Section 145 was filed in the District Court one day late, i. e., on the sixty-first day after the decision of the Board of Appeals. When the Commissioner filed an answer raising the point, plaintiff petitioned the Commissioner for an extension of time within which to file suit. The Commissioner ruled that he was without authority to grant any such extension. Plaintiff then filed a supplemental complaint asking the District Court to declare that the Commissioner has such authority, which he may exercise in his discretion. This was denied by the District Court, which granted the Commissioner's motion for summary judgment, and dismissed the complaint. This appeal followed.

Rule 183 of the Patent Office Rules provides:

"In any extraordinary situation, when justice requires, any requirement [of these rules] which is not a requirement of the statutes may be suspended or waived by the Commissioner in person on petition of the interested party, subject to such other requirements as may be imposed." 37 C.F.R. § 1.183 (1949).

We think the sixty-day provision in Section 304 of the Rules, made pursuant to the authority given the Commissioner by Section 145 to "appoint" the time for bringing suit, is not a "requirement of the statutes" within the meaning of Rule 183. Accordingly, under the Rules as presently drawn, the Commissioner may suspend or waive the sixty-day limit of Rule 304.

The judgment of the District Court will be reversed and the cause remanded. On remand, the District Court shall render a declaratory judgment decreeing (1) that the Commissioner has power in his discretion to permit a late filing of the complaint under Rules 183 and 304 of the Patent Office Rules of Practice, and (2) that he should reconsider appellant's petition for an extension of time and render decision with respect thereto on its merits. Pending the Commissioner's action, the original complaint shall be held in abeyance. We express no opinion on other matters argued to us.

So ordered.

1. Rule 304 provides in pertinent part as follows:
"The time for * * * commencing a civil action * * * is sixty days from the date of the decision of the Board of Appeals or the Board of Patent Interferences."

2. 35 U.S.C. § 145 provides as follows:
"An applicant dissatisfied with the decision of the Board of Appeals may unless appeal has been taken to the United States Court of Customs and Patent Appeals, have remedy by civil action against the Commissioner in the United States District Court for the District of Columbia if commenced within such time after such decision, not less than sixty days, as the Commissioner appoints. The court may adjudge that such applicant is entitled to receive a patent for his invention, as specified in any of his claims involved in the decision of the Board of Appeals, as the facts in the case may appear and such adjudication shall authorize the Commissioner to issue such patent on compliance with the requirements of law. All the expenses of the proceedings shall be paid by the applicant."