**Application of Arthur L. REESE.**
**Patent Appeal No. 7596.**

United States Court of Customs
and Patent Appeals.

April 21, 1966.

Smith, J., dissented.

Charles O. Bruce, Bruce & Brosler, Berkeley, Cal., for appellant.

Joseph Schimmel, Washington, D. C., for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

PER CURIAM:

Appellant has (1) filed a petition for rehearing of our order granting the motion of the Patent Office to dismiss his appeal on the ground that it was not timely filed and (2) moves to vacate said order.

The petitioner argues, as he did in the opposition to the Patent Office motion, that he is entitled to the "benefit" of Patent Office Rule 197(b). The lengthy petition is mostly devoted to arguing why appellant is entitled to that "benefit."

■ Assuming, arguendo, that appellant is entitled to whatever benefit is to be had from Rule 197(b), though he admits that he has not technically come within its provisions, we think that rule is not germane to the issue here. It relates only to the time for a request or petition to the Board of Appeals for a rehearing or reconsideration or modification of its decision by it, not by us.

■■ The time for appealing to this court is governed by Patent Office Rule 304, promulgated in accordance with 35 U.S.C. § 142, and appellant makes no contention that he has complied with that rule. Rather, he argues that Rule 197(b) provides for an exception to Rule 304. That is not the fact.

■ The application of Rule 304 to the facts here is as follows: the 60-day provision, measuring from the original decision of the board on June 29, 1964, does not apply because a timely petition for rehearing was filed on July 24, 1964. The decision on the petition was dated September 21, 1964, which started the 30-day provision in Rule 304 running.[1] Under the rule, the time for appeal expired October 21, 1964, and the notice of appeal was not filed until 12 days thereafter.

■■ While the times for taking appeal are stated in a Patent Office rule, compliance with them is required by statute. 35 U.S.C. § 142 provides that an applicant *shall* file his notice of appeal within such time as the Commissioner appoints (not less than sixty days from "the date of the decision appealed from") and it is mandatory. We are without power to waive the requirement.[2]

---

1. Petitioner filed a second request for reconsideration with the board September 24, 1964, which was denied with an opinion on October 16, 1964, except for the consideration given to it. We deem that second request irrelevant since, regardless of appellant's contention, the date of *the decision* appealed from is June 29, notwithstanding the fact the *opinion* dated September 21 provided additional *reasons* for that earlier decision and also notwithstanding the board's action on September 21 constituted a "new" decision to the extent the board changed its earlier position on a rejection of three other claims, not on appeal, from an affirmance to a reversal. Adverse *decisions*, not their supporting reasons, are the proper subject of an appeal.

2. This is not to say *the Commissioner* is without power to waive the requirement of Rule 304, for he clearly can under the provision of Rule 183. Eckey v. Watson, 106 U.S.App.D.C. 16, 268 F.2d 891. The question of the applicability of that rule not being before us, however, we express no views regarding appellant's rights should he rely on Rule 183.

Furthermore, Rule 197(c), which makes express reference to Rule 304, contains the further provision that "proceedings in the application are considered terminated as of the * * * expiration" of the time to appeal, set by Rule 304, in the event an appeal has not been timely taken. In this case proceedings did so terminate October 21, 1964, and notice of appeal was not filed until November 2, 1964.

Appellant's petition has been granted to the extent that we have reconsidered, but is otherwise denied. The motion to vacate is denied.

SMITH, Judge (dissenting).

The determination of issues raised in a petition for reconsideration should not ordinarily engender either a lengthy majority opinion or a lengthy dissent. The office of a petition for rehearing under our Rule 7 is to bring to the court's attention matters of substance which may have been "overlooked or misapprehended" in the original determination of the issue. The instant case is an exception and seems to me to require an elaboration of the reasons for my dissent from the original majority decision which was predicated on points I believe were "overlooked or misapprehended" in the original opinion and hence are of continuing significance in my dissent from the decision of the majority to deny the petition for rehearing.

In the instant case, the motion to dismiss appellant's appeal was granted without opinion. I then dissented from the granting of that motion, also without stating my reasons. Now the majority has decided to state its reasons for its original decision and to do so utilizes the petition for rehearing as its platform and I shall do likewise.

A statement of the facts which gave rise to the petition for rehearing in this case is essential to an understanding of the legal issue presented to this court for determination. I believe the facts show that appellant's appeal was timely under the *Patent Office Rules*, that the majority denies him his day in court, and

therefore that appellant has been denied due process of law.

The facts are as follows: Appellant filed a timely appeal to the Patent Office Board of Appeals from the examiner's final rejection of claims 1 through 6. On June 29, 1964, the board rendered a decision (which the majority here calls "the original decision") in which the examiner's rejection as to claims 3, 4 and 6 was *reversed;* and *sustained* the rejection of claims 1, 2 and 5, stating "we have no evidence presented for consideration leading to a contrary conclusion."

On July 24, 1964, some 25 days after the board's "original decision," appellant filed a petition for rehearing of the board's decision. In this petition, appellant pointed out that:

On the bottom of page 9 of its decision, the board has given some indication that it would be amenable to evidence leading to a conclusion contrary to its holding as to claims 1, 2 and 5, and it is believed the foregoing discussion of claims 1, 2 and 5 will provide adequate basis for such consideration.

Appellant also argued that the board erred in its interpretation of claims 3, 4 and 6.

On September 21, 1964, some 84 days after its "original decision," the board took "action on the petition," stating as follows:

This is a petition for reconsideration of our decision dated June 29, 1964.

\* \* \* \* \* \*

Appellant's second point is that we were in error in our treatment of claims 1, 2 and 5 and the reason why we were in error. \* \* \*

We have considered appellant's contentions and find that he is correct. As will be apparent from our opinion, we [erred] \* \* \*. Therefore, we modify our decision and *reverse the rejection of claims 1, 2 and 5.* [Emphasis added.]

The board additionally stated that (1) its interpretation of appealed claims 3, 4 and 6 in its "original decision" did not place an unreasonable limitation on those

claims, and (2) it was "of the opinion that the present claims, consonant with the tenor of the petition, do not properly protect the novel concept which is clearly patentable over the prior art  *  *  *." The board then recommended allowance of a new claim.

I would state at this point that I agree with appellant's argument that the above opinion by the board was a "new decision." Where a lawfully composed legal entity empowered to render decisions, after reconsidering the evidence before it, *reverses* its position and reinterprets the prior art, it is clear to me that a *new* decision has been made.[1] Applying the terms of Rule 304 to this decision as shown infra, it is readily seen that appellant's notice of appeal was *timely filed*, being within 30 days after "action on the petition" (Rule 304) for rehearing directed to this "new decision" (Rule 197 (b)) which is "the decision appealed from." 35 U.S.C. § 142.

On September 24, 1964, some 87 days after the "original decision" and 3 days after the "new decision," appellant filed a request for reconsideration as to claims 3, 4 and 6, submitting in his request a diagram in support of his arguments.

The board, on October 16, 1964, some 109 days after its "original decision," and some 22 days after its "new decision," rendered a third opinion, stating as follows:

This is a second petition for reconsideration in the instant case.

It is not our custom to entertain a second petition for reconsideration outside of the period specified by Rule 197(b). [Rule 197(b) provides, "any request or petition for rehearing or reconsideration, or modification of the decision, must be filed within thirty days from the date of the original decision, unless that decision is so modified as to become, in effect, a new decision, and the Board of Appeals so states."] *However, under the special facts of the instant case, we are making an exception and will entertain the instant petition.* [Emphasis added.

*     *     *     *     *     *

The petition has been *granted* to the extent that we have considered the same but is denied with respect to making any change in our opinion in the case or opinion on the first request for reconsideration. [Emphasis added.]

On November 2, 1964, the appellant filed in the Patent Office a notice of appeal to this court. This was some 126 days after the board's "original decision," some 42 days after the board's "new decision" reversing its holding as to claims 1, 2 and 5, and some 17 days after the board's third opinion granting appellant's second request for reconsideration wherein the board refused to make any change in its "opinion in the case."

Thereafter appellant perfected his appeal to this court. In January of 1965 appellant sent to the Clerk of this Court

1. Finding as I do that the board rendered a new decision does not resolve the broader question, which factually is the paramount concern of the Patent Office in this case, of whether an applicant has the right to appeal from a board decision wherein the examiner's rejection is reversed and all appealed claims stand allowed. 35 U.S.C. § 141.

The solicitor, however, refuses to separate these two inquiries. He argues that the board's second decision was not "new" because it is not "adverse" and did not set forth anything "new" as to the claims finally appealed. The solicitor's argument is that an appeal is taken as to *claims* and not from *decisions* and that the time

within which to file a notice of appeal as to those claims runs from the date that the board took action on those claims. The solicitor's argument requires the conclusion that different times for filing an appeal may exist, depending when the board took action on different claims. This I find to be a totally unworkable scheme of appeal which is certainly not contemplated by the Rules. For purposes of orderly procedure, consistent with due process of law, I find that the board rendered a new decision and the appeal is taken from the decision as a whole and not only that portion of the decision dealing with a given claim.

a check for $265.00 to cover the estimated cost of printing the record. In August of 1965, twenty-five copies of appellant's brief were delivered to the Clerk of this Court.

On September 22, 1965, after receipt by the Clerk of the printed brief and record, some 321 days after the third opinion by the board (October 16, 1964), the Commissioner of Patents filed a motion to extend time to file a brief as to the merits and to dismiss the appeal "because (1) the court lacks jurisdiction to determine the issues raised by appellant's reasons of appeal (R–42), and because (2) the appeal was not filed timely under Patent Office Rule 304." This motion was granted based on ground (2), Judge Almond and myself dissenting. Appellant then filed the present petition for rehearing, which is now before the court for decision.

In passing, it seems to me the delay on the part of the solicitor in making the present motion to dismiss strongly suggests that the time factor in the present appeal here is not as certain as one might suppose from reading the majority opinion and the solicitor's belated motion. To me it savors of the unconscionable to encourage such a technical approach to a problem in the administration of justice. Appellant here had perfected his appeal and carried it far beyond the point where any judicial tribunal should see fit to approve the rigid and unfounded technical approach here urged by the solicitor. It is the sometimes forgotten duty of the courts, despite heavy dockets, to give a litigant his day in court. It seems to me it also should be the duty of the Patent Office to encourage and assist litigants through its maze of rules and regulations (written and unwritten) to the end that he too should have his day in court. As a public agency it should be particularly alert to serve the best interests of the public which supports it instead of playing a technical "rule" game with those who would appeal its decisions. This entire proceeding here seems to me to be so foreign to modern jurisprudential concepts that it argues strongly for basic and far reaching reforms in Patent Office appeal procedures.

It is my view, despite contrary indications in the majority, that it is our duty as a court to construe the statute and the various rules of the Patent Office in *pari materia* to the end that the right of litigants be preserved wherever possible.

As I see it, and the majority agrees, the issue before the court is whether appellant's appeal was timely within the provisions of Rule 304 when so construed.

It appears to be the majority opinion that:

The time for appealing to this court is governed by Patent Office Rule 304, promulgated in accordance with 35 U.S.C. § 142, and *appellant makes no contention that he has complied with that rule.* [Emphasis added.]

I find this position to be contrary to the facts of record. Appellant has argued before this court that the board's decision of September 21, 1964 (the second opinion) was a "new decision." He then interpreted Rule 304 as follows:

Thus appellant was required to file his appeal within thirty days of the date of the Board's decision on his petition for reconsideration. Such decision was dated October 16, 1964, and *appellant in compliance with Rule 304* filed his appeal on November 2, 1964, and well within the time allowed therefor.[2] [Emphasis added.]

2. See appellant's "Opposition to Motion to Dismiss," filed October 11, 1965, at p. 6. Appellant argues in the present petition for rehearing that the board's action was a new decision, in accordance with the Patent Office Rules, and therefore that his appeal was filed timely within the periods specified by the Rules.

Appellant also argues that the Commissioner should be estopped from arguing here that the second decision of the board was not a new decision, first, because the Commissioner did not oppose the second petition for rehearing and therefore has waived any right to protest here; second, as the Commissioner *is*

Rule 304 may now be examined. The relevant portions may be conveniently grouped as follows:

1. The time for filing the notice and reasons of appeal to the U.S. Court of Customs and Patent Appeals * * * is sixty days from the date of the decision of the Board of Appeals * * *.

2. If a petition for rehearing or reconsideration is filed within thirty days after the date of the decision of the Board of Appeals * * * the time is extended to thirty days after action on the petition.

3. No petition for rehearing or reconsideration filed outside the time specified herein after such decision, nor any proceedings on such petition shall operate to extend the period of sixty days hereinabove provided.

It is apparent that the portions identified as (1) and (2) above must be read together as they provide two alternatives for the dissatisfied litigant: either, under (1), file a notice of appeal within 60 days or, under (2), file a "petition for rehearing or reconsideration" within 30 days. In either case the period runs from *"the decision"* of the board. Where a petition for rehearing or reconsideration is filed, the 60 day period under (1) for filing the notice of appeal to this court is inapplicable. Under (2) appellant then has 30 days after "action on the petition" to file the notice of appeal to this court.

It also is apparent that the portion of Rule 304 identified under (3) above covers the period from 30 to 60 days after the "decision" of the board as it states the consequences of filing a petition outside the 30 day period specified in the rule. It recognizes that timely petitions under the rule may extend the time for filing a notice of appeal to this court and no petition filed after 30 days from the "decision" or any proceeding thereon can operate to extend the 60 day period specified in (1). The solicitor's argument, in his original motion to dismiss the appeal, that the portion of Rule 304 here considered under grouping (3) set the time for filing notice of appeal at 60 days after the board's "original decision" is obviously in error as in this case the provisions grouped under (2) above then would be a nullity.

For purposes of this appeal, the portions of Rule 304 grouped under pars. (1) and (3) above are inapplicable as appellant filed a timely petition for rehearing under (2). The majority so admits as to (1) but it ignores what I consider to be the relevant considerations grouped under (3) above.

Can Rule 304 be of any further help in determining the timeliness of appellant's appeal? The critical facts as to which Rule 304 must be applied are as follows: On September 21, 1964, the board took "action on the [first] petition." According to grouping (2) of the provisions of Rule 304, appellant had 30 days within which to file a notice of appeal and the board retained jurisdiction in the case

a member of the board, 35 U.S.C. § 7, he is therefore estopped from contesting that the granting of a second petition for rehearing resulted in a new decision; and third, as appellant relied, to his detriment on the Commissioner's silence, an equitable estoppel arises in his favor preventing the Commissioner from contesting that the board rendered a new decision.

The majority does not deal with the above arguments nor does the solicitor answer them. While I prefer to hold for appellant on the ground that the appeal was timely filed within the meaning of the Rules, and therefore do not

feel that the above arguments are necessary to succeed here, the Supreme Court has recently stated, in Brenner v. Manson, 86 S.Ct. 1033, in footnote 6 concerning the Commissioner:

* * * As a member of the Board and the official responsible for selecting the membership of its panels, 35 U.S.C. § 7 (1964 ed.), it may be considered appropriate that the Commissioner be bound by Board determinations.

Appellant's arguments that the Commissioner, in effect, here refuses to be bound by the board's determination, become all the more convincing.

for that period. The record shows that appellant, during this period, filed a *second* petition for rehearing. The board, within this period, took "action on the [second] petition." Appellant ·filed his notice of appeal 17 days thereafter, *more* than 30 days after action on the *first petition* but *less* than 30 days from action on the *second petition.*

The majority so interprets Rule 304 as to find "the time for appeal expired October 21, 1964," which is 30 days after the board took "action on the [first] petition." The majority reasons that the second petition is "irrelevant since * * * the date of the decision appealed from is June 29 * * *."

The construction of the rule or reasoning in support thereof which the majority thus places on Rule 304 is not clear to me. From the holding of the majority it seems that its position is that (1) a *first* petition *irrevocably* sets the time within which to file notice of appeal, i. e., 30 days after "action on the petition;" (2) second petitions are "irrelevant;" and (3) an applicant shall file his notice within the time fixed by 35 U.S.C. § 142, which the majority considers to be a mandatory provision; and (4) on the facts of this case Rule 304 provides that the time for appeal expired October 21, 1964.

My objections to the majority's position are as follows: (1) Rule 304 does not provide that there shall be but *one* petition which *irrevocably* sets the time for filing notice of appeal; (2) second petitions are not "irrelevant" as shown by past decisions of this court (see e. g., In re Schutte, 244 F.2d 323, 44 CCPA 922); (3) Rule 304 is silent on its face as to the time for appeal in this case; and (4) 35 U.S.C. § 142 is both a prohibition against the Commissioner and a source of discretionary authority as the Commissioner *must* exercise his *discretion* when requested to accept for filing a notice of appeal outside the time limits specified in Rule 304, Eckey v. Watson, 106 U.S.App.D.C. 16, 268 F.2d 891 (1959).

I do not believe that the majority meets or decides what seems to me to be the issue before us, i. e., where does a second petition for rehearing, if such is a lawful method of redress, fit into the plan of appeal regarding timeliness? First, it is clear that Rule 304 or any other Patent Office rule cannot require the board, when it is vested with jurisdiction, to *grant* or *deny* a rehearing. 35 U.S.C. § 7 states: "The Board of Appeals has sole power to grant rehearings," and 35 U.S. C. § 6 provides that the Commissioner "may * * * establish regulations, not inconsistent with law, for the conduct of proceedings in the Patent Office." There is no prohibition by rule or by statute which prevents the filing of such a second petition for rehearing. Thus, appellant proceeded lawfully in submitting the second petition for rehearing to the board which then had jurisdiction over the case. The Commissioner had no authority to prevent the board from *granting* such a second petition for *rehearing.*

Thus, second petitions are not to be considered "irrelevant" as the majority does. Assuming the board desires to entertain a second petition, is its power to grant a rehearing subject to the time bar the majority finds in Rule 304? I cannot imagine the board's power to be so limited as the Commissioner clearly lacks authority to control the board's exercise of its power as to such petitions, 35 U.S.C. §§ 6, 7. What the Commissioner may not do directly he cannot do indirectly through Rule 304.

In the fact situation before us the board exercised its lawful power and it granted the second petition for rehearing within the 30 day period following its "action on the [first] petition." At that time there remained 5 days in which to file a notice of appeal within 30 days after action on the first petition under Rule 304.

Would this fact be fatal to appellant's right to appeal, i. e., does Rule 304 require that appellant file a notice of appeal within this 5 day period? I do not believe so. It is obvious that the board

in some cases may require more time in considering a second petition for rehearing. The 30 day period following action on the first petition wherein the board rendered a new decision could well have run before the board took action on the second petition. As the board had jurisdiction when the petition was filed, I believe that it was entitled to as much time as necessary in order to act on the petition. In this case it is clear that the board did not dismiss the second petition or refuse to act on it. Perhaps the majority means to imply that the second petition was "irrelevant" because the board acted on the second petition within 30 days after action on the first petition.

I do not agree with such a position. If this consideration is accepted as controlling it would, in effect, limit the board's power to entertain more than one petition for rehearing and would require the board to render its decision within a strict time limit, which I believe leads to a result wholly unsanctioned by the statute or any rule. The majority's holding has the effect of making *all* second petitions irrelevant as to *time* within which to appeal under Rule 304, yet it does not go so far as to say the board may not consider a second petition for rehearing.[3] Must the board act upon such petitions within 30 days after its action on the first petition if an applicant's right to appeal under Rule 304 is to be preserved? I do not believe that the board can be certain (which I do not imply happened in this case) that no adverse appellate decisions will be rendered by the simple expedient, (1) of entertaining second petitions for rehearing and

(2) delaying decision on them until the 30 day period of Rule 304 as here erroneously applied by the majority has run. Litigants and their attorneys should not be subjected to such a technical pitfall in pursuing an appeal. On the facts of this case, appellant had 5 days, from Friday, October 16, 1964, the date of the board's decision, to Wednesday, October 21, 1964, in which to receive notification of the board's granting of the second petition and file a notice of appeal. Under the majority's reasoning the result is the same no matter what day the board took action on the second petition.

There remains the question, where does a second petition for rehearing fit into the plan of appeal regarding timeliness? This must be determined before we can answer how much time after the board's "action on the [second] petition" did appellant have within which to file a notice of appeal? Considering only Rule 304 and 35 U.S.C. § 7, it seems to me that Rule 304 should be liberally construed to preserve the power of the board without judicially imposed limitations to grant rehearings. Under this view appellant should be entitled to the same benefits as accrue from the filing of a first petition. On the facts of this case appellant would have 30 days after "action on the petition" filed as a result of the new decision. The term "petition" in Rule 304 would thus mean petitions filed while the board had jurisdiction.

However, I do not believe a forced construction of Rule 304 is necessary to arrive at a just resolution of the issue here. The Commissioner has enacted another rule which, contrary to the major-

3. The majority appears to be following In re Grier, 342 F.2d 120, 52 CCPA 1081, to the effect that the Patent Office has the authority to act in a case after an appeal has been filed in this court. I agree to the extent that the Patent Office may recede from its position or point out facts which may render an appeal to this court moot. To me it is not a question of the Patent Office exercising jurisdiction as it is acting as a party litigant. In re Allen, 115 F.2d 936, 28 CCPA 792, is not the law insofar as it purports to hold that the Patent Office cannot act in a case after notice of appeal is filed in this court. In view of the majority's holding, I would urge litigants to continue to file second petitions for rehearing in order to clarify the issues for appeal, and the majority does not hold otherwise, but also file a notice of appeal within 30 days after action on the first petition as second petitions will not stay the time for filing a notice of appeal, contrary, in my view, to the rules.

ity, I think must be considered. This is Rule 197(b) which provides in pertinent part:

> 197. *Action following decision* [by the Board of Appeals].
>
> (b) Any request or petition for rehearing or reconsideration, or modification of the decision, must be filed within thirty days from the date of the original decision, unless that decision is so modified as to become, in effect, a new decision, and the Board of Appeals so states.

If Rule 197(b) is considered, the total plan of appeal contemplated by the Commissioner is apparent, the fact situation which developed below is understood, the board's decision is clear, and Rule 304 may be correctly understood.

Rule 197(b) is broadly worded and contemplates second petitions for rehearing. If a litigant can persuade the board to modify its "original decision" so it becomes, "in effect, a new decision" and the board "so states," a petition for rehearing is permitted.[4]

Rule 197(b) thus in effect recognizes that situations may develop wherein what the majority terms the "original decision," apparently the board's first decision, may become "modified," e. g., as the result of a (first) petition for rehearing, or on the board's own motion to correct error. It also recognizes that a litigant should have the *right* to submit a (second) petition for rehearing *outside* the time limit provided in Rule 304, i. e., 30 days, which is not subject

to the provisions of Rule 304 grouped under par. (3) above. The rationale seems clear to me and is: where the "original decision" is so changed as to become a "new decision," *the post-decision review process begins all over again.* I would add that thus giving a litigant the *right* to *submit* a petition for such rehearing does not appear to be contrary to 35 U.S.C. § 7.

Finally, Rule 197(b) recognizes that a controversy could occur as to whether a "modified" decision was a "new" decision. It provides, as I view it, that the right to file a (second) petition arises where the original decision "is so modified as to become, in effect, a new decision." This is the test which I think should be applied here. Rule 197(b) concludes with the phrase that the board must so state in its "new decision." It is not clear whether the intent of Rule 197(b) is that certain magic words such as "new decision" must appear or whether it is sufficient if as a matter of fact the board recognized that it has so modified the original decision that its second decision is, in effect, a new decision. As I view it, the test is one of substance not words. The board can no more denominate a second "decision" as a "new decision" or as not a "new decision" by the mere recitation or absence of such magic words. Whether a decision is *new* must be determined by what the board *did.*

Ignoring possible inconsistencies between Rule 197(b) and Rule 304, it seems clear to me that they fit together and they must be construed together.[5] The

---

4. It is readily apparent from an examination of Rule 197(b) that the first portion of the rule merely states the 30 day limitation concerning petitions for rehearing set forth in Rule 304. Lest silence be mistaken for my approval of this portion of Rule 197, however, it seems that it denies the right to submit petitions outside the 30 day period provided in Rule 304, while the board still has jurisdiction and is therefore contrary to the provisions of Rule 304 which allows that a litigant may file a petition for rehearing outside the 30 day limitation, but that any such petition or proceeding

thereon will not extend the 60 day period therein provided.

5. The confusion generated by the term "decision" in Rules 196 and 197 is readily apparent upon examination. I find therein the following terminology: "the decision," "its decision," "new decision," "final decision," and "decision," all of which may be rendered either by the primary examiner or the board. These Rules are the preceding procedure to Rule 304. The question here is which of the "decisions" the board is permitted to render under Rules 196 and 197 is "the decision"

---

majority glorifies the titles of the two rules while ignoring their substance and meaning to say that Rule 197(b) applies to "it," the board, and Rule 304 applies to "us." Moreover, it seems to me the majority fails to appreciate the total *plan of appeal* as set forth by the Commissioner when *all* relevant rules are considered together.

First, it is clear that Rule 197(b) recognizes "original decisions" and "new decisions." Assuming that such a situation occurs, which "decision" is a dissatisfied litigant to appeal from? Rule 304 provides only that a litigant may appeal from "the decision" of the board. It seems to me that "the decision" includes both "original decisions" and "new decisions." Would anyone argue otherwise than that "the decision" in Rule 304 refers to the *controlling decision* of the board and a "new decision" controls over and supplants such an "original decision?" The majority seems to ignore the fact that an action on a petition for rehearing is not simply "reasoning" in support of the original decision; it may, in effect, be a *new decision* which is *"the decision"* specified in Rule 304 regarding timeliness.

Second, 35 U.S.C. § 142 provides as follows:

> * * * appellant *shall* give notice [of the appeal] * * * to the Commissioner, and *shall* file in the Patent Office his reasons of appeal, * * * within such time after the date of *the decision appealed from*, not less than sixty days, as the Commissioner appoints. [Emphasis added.]

It is clear to me that the Commissioner acted in accordance with section 142 and provided, in Rule 304, 60 days within which to file notice of appeal, measured from "the date of *the decision appealed from*." "The decision" in Rule 304 refers to "the decision appealed from" in section 142. 35 U.S.C. § 6. And it seems

to me "the decision" in Rule 304 refers to a "new decision" referred to in Rule 197(b), and if none exists, to the "original decision" of the board.

Did the board render a decision on the first petition for rehearing which, "in effect," so modified its original decision that it is a "new decision" under Rule 197(b)? The facts here seem clear that the board *did in fact* render a *new* decision as discussed, supra, and the board *in effect* so stated. Even the solicitor concedes, which the majority appears to overlook, that the real issue is whether the board's action was, in effect, a new decision. Dealing as he does with the practicalities arising within the Patent Office, it seems to me the solicitor would have no problem in recognizing that the board's action was a new decision, except for the fact that all 6 claims in appellant's application stand allowed and a seventh claim has been recommended by the board as being allowable. For reasons not stated, the solicitor apparently argues that the decision is not *new* because the board did not state some new basis for affirming a *rejection* of a claim.

The solicitor here is concerned with a somewhat unique problem of how to deal with an appeal from a board decision's *allowing* claims. He has phrased his objection in the motion to dismiss the appeal in two ways, i. e., (1) the court lacks jurisdiction (no adverse decision) and (2) appellant, while admittedly filing notice of appeal from a decision of the board within 30 days as provided by Rules 197(b), 304, and 35 U.S.C. § 142, has not appealed from a new decision (apparently because it is not an adverse decision). As I see it, the solicitor only advances, in substance, one objection. The majority, sua sponte, considers only Rule 304 and *in effect decides the board's decision is not "adverse,"* hence not an appealable decision.

in Rule 304? Suffice it to say the proliferation of the term "decision" in Rules 196 and 197 hardly tells an applicant *what* decision he is to appeal from unless it is construed in *pari materia* with Rule 304 in light of 35 U.S.C. § 142; and does not provide that the board may render "original decisions," so aptly coined in the majority.

The error of the majority is shown most clearly in footnote 1. Therein the majority states that the board's action of "September 21 provided additional *reasons* notwithstanding the board's action * * * constituted a 'new decision' to the extent the board changed its earlier position * * *." If the board's action was a new decision, then appellant had 60 days within which to file a notice of appeal. I conclude that it was a new decision, the board thought it was, the majority states it was, and the solicitor argues it was not. Yet the majority decision is to deny appellant's petition! This leaves but the alternative of dissent.

I cannot but approve of the acts of both the appellant and the board below. In its first decision the board carefully expressed its reasoning precisely why claims *1, 2* and *5* were not allowable. Pursuant to the board's reasoning and suggestions appellant submitted additional arguments in a petition for rehearing as to the non-allowed claims and as to the error in the board's interpretation of claims 3, 4 and 6. The board then reversed its original position and, additionally, assisted appellant with suggestions as to additional new claims. It set forth for the first time its support for its interpretation of claims 3, 4 and 6. Appellant then attempted to finalize the issues in dispute for appeal if necessary. The board obliged *because of the facts of this case* and granted a second petition for rehearing. This orderly procedure below is an assist to this court, i. e., defining the issues for appeal.

Following the reasoning of the majority, appellant should have appealed within thirty days from the board's second opinion. No matter how poorly the issues are drawn below, the majority says in effect you must file a notice of appeal and bring them to this court.

Appellant attempted to exhaust his remedies below as witnessed by the record. The majority opinion determines that the 30 days in which to file an appeal ran from the board's second opinion and not the third. Apparently the majority view is that appellant utilized a remedy (second petition for rehearing) which is outside Rule 304, in spite of 35 U.S.C. §§ 7, 142, and with respect to which it considers the board's action to have been "irrelevant."

I believe the majority has "overlooked or misapprehended" factors which seem to me to be essential to a proper resolution of the issue presented by the solicitor's motion to dismiss the appeal. The result has been what seems to me to be a denial of appellant's right to appeal. It is for these reasons I dissent from the majority's disposition of this petition for rehearing.