NOTE:  This order is nonprecedential

# United States Court of Appeals for the Federal Circuit

2007-1121
(Interference No. 103,586)

MARIANO BARBACID and VEERASWAMY MANNE,

Appellants,

v.

MICHAEL S. BROWN, JOSEPH L. GOLDSTEIN, and YUVAL REISS,

Appellees.

ON MOTION

Before BRYSON, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and PROST, <u>Circuit Judge</u>.

PROST, <u>Circuit Judge</u>.

## O R D E R

Michael S. Brown, Joseph L. Goldstein, and Yuval Reiss ("Brown") move to dismiss Mariano Barbacid and Veerswamy Manne's ("Barbacid") appeal from the Board of Patent Appeals and Interferences for lack of jurisdiction.  Barbacid opposes.  Brown replies.

On June 5, 2006, the Board issued its "Final Decision on Second Remand from the Federal Circuit," awarding Brown priority.  Brown received the Board's decision on June 26, 2006.  Barbacid alleges that he was not provided notice of the June 2006 decision.

On September 17, 2006, the senior administrative patent judge on the appeal sua sponte issued an "Order (Entry of Final Decision)."  Although Brown had received the Board's decision, the judge's order noted that it had "come to the attention of the Board that neither party nor its counsel received a copy of the final decision" because "it

had never been mailed." The judge "re-mailed" the Board's June 2006 decision and ordered that "[t]he time for seeking rehearing or judicial review runs from the date of this Order."

On November 17, 2006, Barbacid filed an appeal seeking review by this court. The appeal was filed more than two months after the Board's June 2006 decision. Although the appeal was filed within two months of the September 2006 order, Barbacid does not seek review of that order. Brown argues that dismissal of the appeal is required because the appeal was not filed within the time prescribed by regulation.

Under 37 C.F.R. § 1.304(a), the time for filing the appeal to this Court is two months from the date of the decision of the Board. The time is not measured from the date of receipt of the Board's decision but from the date of the decision itself. See also 35 U.S.C. § 141 (appeal must be filed "within such time after the date of the decision from which the appeal is taken as the Director prescribes, but in no case less than 60 days").

Barbacid argues that Brown never objected or contested the September 2006 order below. This is not relevant to the timeliness issue, as jurisdiction cannot be conferred on this Court by waiver or acquiescence. In re Alappat, 33 F.3d 1526, 1530 (Fed. Cir. 1994) (citing Coastal Corp. v. United States, 713 F.2d. 728, 730 (Fed. Cir. 1983). Instead, we must always inquire into our jurisdiction to hear an appeal. Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1342 (Fed. Cir. 2001).

Barbacid contends that the appeal should not be dismissed when his untimely appeal was the result of his asserted failure to receive the Board's decision. However, the duty to monitor the status of the case falls on Barbacid. See, e.g., Witty v. Dukakis, 3 F.3d 517, 521 (1st Cir. 1993) (affirming denial of attorney fees application due to untimeliness and rejecting argument that the application was not untimely because the

appellants did not receive notice of entry of judgment; "parties to an ongoing case have an independent obligation to monitor all developments in the case").

Further, we note that the Director has prescribed by regulation a procedure to request an extension of time to file a notice of appeal. <u>See</u> 37 C.F.R. § 1.304(a)(3)(ii) ("The Commissioner may extend the time for filing an appeal . . . [u]pon written request after the expiration of the period for filing an appeal . . . upon a showing that the failure to act was the result of excusable neglect."). Here, this procedure was not followed.

Therefore, because Barbacid's appeal was filed more than two months after the Board's June 2006 decision, we must dismiss this appeal.

Accordingly,

IT IS ORDERED THAT:

(1)     Brown's motion is granted.[*]

(2)     Each side shall bear its own costs.

FOR THE COURT

_____March 19, 2007_____                 /s/ Sharon Prost_____
            Date                                              Sharon Prost
                                                              Circuit Judge


cc:    Steven W. Parmelee, Esq.
       David L. Parker, Esq.

s19

ISSUED AS A MANDATE: _____

---

[*]   The Court is dismissing the appeal without prejudice to Barbacid making a written request for an extension of time pursuant to 37 C.F.R. § 1.304(a)(3)(ii).