DYK, Circuit Judge,
dissenting.
The decision of the Board of Patent Appeals (“Board”) clearly states on its face that it was “Decided: May 30, 2008.” Because McNeil did not appeal until August 1, 2008, two days after the regulatory period for review from a decision of May 30, 2008, in my view this appeal was untimely filed and is beyond our jurisdiction to review. I respectfully dissent from the majority’s contrary conclusion.
The jurisdiction of this court is statutorily limited by the timeliness regulations of the Patent and Trademark Office (“PTO”). The statute provides: “When an appeal is taken to the United States Court of Appeals for the Federal Circuit, the appellant shall file in the Patent and Trademark Office a written notice of appeal directed to the Director, within such time after the date of the decision from which the appeal is taken as the Director prescribes, but in no case less than 60 days after that date.” 35 U.S.C. § 142 (emphasis added). As the Supreme Court has stated, when the time for filing a notice of appeal is limited by statute, those limits are “mandatory and jurisdictional.” Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 2363, 168 L.Ed.2d 96 (2007). The regulations authorized by 35 U.S.C. § 142 require, with certain exceptions inapplicable here, that:
The time for filing the notice of appeal ... is two months from the date of the decision of the Board.... If a request for rehearing or reconsideration of the decision is filed ... the time for filing an appeal or commencing a civil action shall expire two months after action on the request.
37 C.F.R. § 1.304(a)(1). In the notice accompanying the promulgation of this regulation, the PTO characterized the relevant date as the date of “decision on reconsideration.” Amendment of Patent and Trademark Rules Concerning Judicial Review of Decisions of the Board, 54 Fed.Reg. 29,-548, 29,550 (July 13, 1989). As the majority also correctly notes, the term “action on the request” has the same meaning in this context as “date of the decision” and “[t]he crux of the matter is what the phrase ‘the date of the decision’ ... means.” Maj. Op. 1397-98.
There are four sources for dates referenced by the parties in this case. First, the opinion of the Board indicates on the first page, in the caption, that the decision was “Decided: May 30, 2008.” Second, the PTO’s online Transaction History also indicates that May 30, 2008, was the date of “Dec on Reconsideration — Denied.” Third, the image file wrapper contains an entry stating that the “Mail Room Date” of the opinion was June 2, 2008. Fourth, a *1402 “mailing sheet” attached to the paper copy of the decision mailed by the PTO to McNeil indicates a “MAIL DATE” of June 2, 2008. The contents of these documents do not appear to be in dispute; neither is there any dispute that the decision was mailed on June 2, 2008. The only dispute is about which of these dates represents the “date of decision” as reflected in the statute and regulations.
The majority appears to hold that the “date of the decision” is not the date of decision as clearly written on the opinion, but is instead the date of mailing. In my view, this holding is contrary to the plain language of the regulation and precedent interpreting the nearly identical language of the predecessor rule.
When the members of the Board who authored and signed on to the opinion explicitly stated on the opinion that it was decided on May 30, 2008, this should be conclusive. The majority offers no reason to reject this date as the date of the Board’s decision, other than its theoretical concern that the decision could be changed by the Board some time after the “Decided” date was affixed to the decision before the decision was mailed. The majority states that “it appears that only when an opinion is released to the public ... is it truly decided — until then, it is possible for the Board to revise it,” Maj. Op. 1398, though the majority points to no evidence that such revision in fact occurs or that, if it does, the “Decided” date is not revised. Thus, the majority holds that the date of mailing must be viewed as the “date of decision.”
As the plain language of the statute and regulation state, the relevant date is the “date of decision,” not the date of mailing. In adopting the “date of decision,” both Congress and the PTO clearly rejected the mailing date as determinative. If Congress and the PTO had intended to refer to the mailing date, they could easily have done so. The PTO specifically prescribes the “mailing date of the action or notice from which relief is requested” as the relevant time for triggering the two month time limit for petitions to the Director. 37 C.F.R. § 1.181(f); see also § 1.97(c) (“mailing date” of a final decision as the deadline for filing an information disclosure); § 2.105(a) (time for filing an answer to an opposition measured from the “mailing date of the notification” of opposition).
This precise issue has been addressed before and these prior decisions have uniformly rejected the majority’s approach. In Burton v. Bentley, 14 App.D.C. 471, 1899 WL 16315 (App.D.C.1899), the Court of Appeals for the District of Columbia, a predecessor of the D.C. Circuit, addressed the time for appealing a decision of the Patent Office when the mailing date and the date on the decision did not coincide. At that time, the prior version of the rule required that appeals from the Patent Office “shall be taken within forty days from the date of the ruling or order appealed from, and not afterward.” Id. at *1. In Burton, it was written on the decision itself that it was signed on December 10, while the decision was not mailed until two days later on December 12. The court in Burton held that the relevant date was the date the order was made and signed by the deciding official, and that a two-day clerical delay in mailing the order was irrelevant to the date of decision.
There is no question but that the order was made and signed by the Commissioner on December 10, 1898, and that it was the same day deposited with the file clerk in the usual course of proceeding .... It is true, the notice of the order sent out to the appellant, or to his attorney, was not sent out until Monday, December 12, 1898; but the rule limiting the time of appeal has no reference to the notice of the order given to the appellant or his attorney. It is from the *1403 date of the ruling or order; that is to say, within forty days from that date, that the appeal must be taken, and not the time of sending notice of the order to the party against whom it is made.
The terms of the rule must be allowed their ordinary meaning and import, and they plainly limit the commencement of the period of forty days, within which an appeal can be taken, from the date of the order appealed from, excluding the day of the date. To allow the time to be computed from any other act or event, in the course of the proceeding, would certainly not be within the terms of the rule, but, on the contrary, would be plainly violative of those terms.
Id. (emphases modified and citations omitted). In my view, the court in Burton correctly decided that the date of decision was the date the opinion was signed, not the date the opinion was mailed. As such the same rule should apply to this case; “[t]o allow the time to be computed from any other act or event ... would be plainly violative of the [terms of the rule].” Id.
This view is also reflected in the decision of one of this court’s predecessors, the Court of Customs and Patent Appeals. The Court referred to the relevant “date of the decision appealed from” in In re Reese, 53 C.C.P.A. 1099, 359 F.2d 462, 463 (1966), as the date that the decision itself was dated, stating: “The decision on the petition was dated September 21, 1964, which started the [period of the prior provision] running.”
Additionally, in Barbacid v. Brown, 223 Fed.Appx. 972, 973 (Fed.Cir.2007), this court held in a non-precedential decision that “the time for filing the appeal to this Court is two months from the date of the decision of the Board. The time is not measured from the date of receipt of the Board’s decision but from the date of the decision itself.” This court rejected the mailing date in favor of the date of the decision, despite the fact that in that case the appellant alleged that he had never been mailed a copy of the decision because of an error by the Board. It should also be noted that the existence of any delay in mailing the decision imposes no unfair burden on the parties because there is a lengthy period for appeal and because the Board has the power to extend time still further in situations where there is “excusable neglect.” See 37 C.F.R. § 1.304(a)(3)(h). There is no claim here that the appellant did not have adequate time to prepare his appeal.
In my view, because the date of decision in this case was May 30, 2008, we do not have jurisdiction to review pursuant to the untimely notice of appeal filed August 1, 2008. As such, I would dismiss this appeal.