Rich, Judge,
delivered the opinion of the court:
*923 This is an appeal from the decision of the Patent Office Board of Appeals affirming the examiner in rejecting claims 1, 3-9, and 11-17 of application No. 411,466, filed February 19, 1954, by August Henry Schutte, for “Contact Coking System.”
Appellant moved at the hearing to dismiss the appeal as to claims 3, 5-9, and 11-17. The Patent Office, of course, has no objection and the motion is hereby granted, leaving only claims 1 and 4 for our consideration.
The invention relates in general to a method of converting liquid hydrocarbons into coke and hydrocarbon vapors. The liquid hydrocarbons are preheated and brought into contact with hot particles of coke (%- to 34-inch size) in a vertical transfer conduit channel or lift leg to which the particles are fed and through which they are carried in suspension and in an upwardly flowing stream of vaporized hydrocarbons. The liquid hydrocarbons and other compatible vapors are introduced in the bottom of the conduit and on contact with the hot coke particles the liquid is partially vaporized. Additional liquid hydrocarbons are introduced at another point in the conduit. The coke particles are elevated to a reaction chamber from which, after removal of all vapor, they fall to a reheater, and thence through a feed line back to the bottom or entrance end of the lift leg for recirculation in the gas stream. Coke is formed on the hot contact particles as they circulate through the system.
The appealed claims read as follows:
1. The method which comprises continuously supplying hot granular contact material to a transfer zone to form a compact bed of said material in said zone, passing a gaseous stream compatible with hydrocarbons into said bed under-pressure to cause elevation of a portion of the contact material and suspension in said gaseous stream, directing the gaseous stream and contact material suspended therein into a vertical elongated channel commencing below the top level of said bed, flowing the gaseous stream past the contact material in said channel to impel the contact material vertically upward in said channel, admitting into said channel liquid hydrocarbons to directly engage the upwardly moving contact material therein, said liquid hydrocarbons being admitted to a lower portion of said channel and in a region wherein said contact material is present in relatively high concentration as compared with higher regions of said channel, whereby said liquid hydrocarbons are completely and uniformly distributed on said contact material, the contact material in said bed and directed into said channel l>eing.at a temperature sufficiently high to cause coking of said liquid hydrocarbons; whereby the coke produced, as a result of conversion of said liquid hydrocarbons at the temperature prevailing within said transfer zone and in said channel is deposited substantially entirely on the moving contact material. [Emphasis added.]
*924 4. The method in accordance with claim 2 wherein said liquid oil comprises hydrocarbons boiling above the range of gasoline.[1]
For the purpose of provoking an interference, appellant copied the claims on appeal from a patent issued to Weinrich on March 4, 1952, No. 2,587,669. We shall deal separately with claims 1 and 4 because somewhat different considerations are involved.
As to claim 1, the question is whether appellant is prevented from making it by virtue of 35 U. S. C. 135, second paragraph, which reads: ^
A claim which is the same as, or for substantially the same subject matter as, a claim of an issued patent may not be made in any application unless such a claim is made prior to one year from the date on which the patent was granted.
The application in which claim 1 was presented was filed more than a year after the issuance of the Weinrich patent and the examiner rejected it on that ground. The applicant urged that he was claiming the same subject matter in a parent application, serial No. 29,752, filed May 28, 1948, of which the application on appeal is said to be a continuation. The appealed application contains certain minor additions which appear to be merely explanatory, but it is unnecessary to consider whether it is strictly a “continuation.” The disclosures of the two applications are substantially the same.
In support of his contention, appellant apparently relies on claims 5 and 6 of the prior application and claim 21, from which they both depend, which was presented by an amendment of August 1, 1951. The Patent Office solicitor agrees that these claims were all filed early enough to avoid the proscription of section 135 if the subject-matter there claimed is the same as that of claim 1. This, therefore, is the question we have to decide.
The Patent Office solicitor’s brief pinpoints the issue in contending that a mere reading of claims 21, 5 and 6 of the earlier application makes it plain that they do not support (quoting the point relied on by the board) “the limitation [of claim 1] that the temperature of the contact material is sufficiently high to cause coking of said liquid hydrocarbons with formation of coke in the transfer channel.” (See the italicized portions of claim 1 above.)
*925 Appellant’s brief is of no assistance to us on the question of what was claimed in claims 21, 5 and 6 of the earlier application relied on, apparently due to a complete failure to recognize that the point of law on which this case turns, under section 135, is the claiming of the invention of claim 1 before the end of one year from the issue of the Weinrich patent. The brief is devoted to a comparison of the Weinrich and Schutte inventions as disclosed in their respective specifications, which, while useful to us in our consideration of the case, fails to meet the issue. Evidently this is due to appellant’s erroneous idea that the denial of claim 1 by the board “was not based on estoppel” but on lack of support in appellant’s specification. The latter issue is not in the case, although some things the board said may have misled the appellant. Having compared the appellant’s disclosure with that of Weinrich we hold that the same invention, that of claim 1, is clearly disclosed in both. This is in accord with the board’s finding that “The conversion conditions disclosed by Weinrich and appellant appear to be substantially the same.” The “conversion,” of course, refers to the conversion of liquid hydrocarbons into coke and hydrocarbon vapors.
The solicitor’s position is that we should affirm because “it has not been adequately shown by appellant that when following the steps set forth in claims 5, 6 and 21 of the earlier application it necessarily results that the quoted limitation of claim 1 at bar, discussed by the Board of Appeals, inevitably follows.”
While it is unfortunate that appellant has not so much as mentioned in his brief the claims the board has said he is “apparently” relying on, there does appear to have been a sincere, if misdirected, attempt to show that the only limitation of claim 1 which the board found to be lacking in support, in the process claimed in claims 21, 5 and 6 of the earlier application, is inherent therein. To restate it, this is the limitation expressed in claim 1 in the words: “the contact material in said bed and directed into said channel being at a temperature sufficiently high to cause cohing of said liquid hydrocarbons.” [Emphasis ours.]
The claims of the earlier application, as we have indicated, are to be interpreted on the basis of a specification which is substantially the same as that of the application at bar. While they are cast in a form quite different from claim 1 copied from Weinrich and use different terminology, it is clear to us that it is the same invention in substance that is being claimed.
As to the limitation of claim 1 which the board found missing from the earlier claims relied on (quoted above) we are convinced that it is clearly inherent in the process of the latter, that it necessarily results in the operation of the process claimed, and therefore it is not *926 necessary that it be set forth in the claims of the earlier application in so many words to establish that substantially the same invention was being claimed. From a reading of the earlier application it is clear that all of the coking which is produced in the process, coking being one of its main objects, results from the heat carried in the contact material as it enters the channel and therefore it must be “at a temperature sufficiently high to cause coking.”
We therefore hold that appellant was at least claiming “substantially the same subject matter, as called for by Sec. 135,” even before the Weinrich patent issued and is therefore not estopped to make claim 1, as to which the board’s affirmance of the rejection must be reversed.
As to claim 4, it is a dependent claim adding a limitation to “claim 2.” It happens to be in language identical with claim 4 of the Wein-rich patent but there the similarity ends. Weinrich’s claim 4 is dependent on Ms claim 2 which is not the same as applicant’s claim 2, the latter being a copy of Weinrich’s claim 8. (See footnote 1, supra.) The rejection of applicant’s claim 2 was reversed by the board, which held that it was supported by appellant’s disclosure and was to subject matter being claimed in the earlier application.
It is axiomatic that a dependent claim must be read as including the claim (or claims) from which it depends. Standing by itself it is meaningless. It cannot be said that a dependent claim is “copied” from a patent just because it is in the same words as a dependent claim of the patent (even as to its number and the number of its parent claim) unless the parent claims correspond. In this case the parent claims do not correspond. Weinrich’s claim 2 (from which his dependent claim 4 depends) contains several limitations not present in his parent claim 8 (copied by appellant as claim 2) for which reason appellant cannot make claim 2 of Weinrich.
The examiner rejected claim 4 on the same grounds as the other claims, lumping it with claims 1-17, all rejected because of estoppel under 35 U. S. C. 135. The board affirmed the rejection on grounds not clear to us saying that the parent claim 2 of Weinrich “is quite different from claim 2 of appellant’s case” and then added,
It is, of course, improper in copying claims 3, 4 and 5 to ignore the parent claim from which they depend. We do not believe appellant can make this parent claim 2 of Weinrich 2,587,669 nor has appellant asserted that he can.
In its second opinion, on reconsideration, the board said as to claim 4,
* * * we are at a loss to see any basis for reconsideration. It seems clear to us that these claims [3, 4 and 5] cannot be considered independently of the parent claim whether they be regarded as combination claims or not. It is well settled that all limitations of copied claims must be considered material.
In a third decision, after a second request to reconsider, the board *927 acknowledged that claim 4 depended from applicant’s allowed claim 2 and not Weinrich’s claim 2 and said, “Nevertheless these claims have been copied from Weinrich.” It then reaffirmed the rejection •on the ground of estoppel under section 135 because of failure to claim within one year because appellant had not shown he was claiming the limitation of claim 4 in his parent case.
We think this involved error which resides in the board’s view that claim 4 was “copied” from Weinrich and therefore subject to the one year limitation of section 135. In the literal sense claim 4 was copied, but in a legal sense it was not because reading claim 4 with applicant’s claim 2 (which is the only parent it has so far as considering its pat-entability to applicant is concerned), instead of with its original parent in the Weinrich patent, we find there was no such claim in Weinrich to be copied. All appellant did was to add a limitation to his own claim 2. The identity of wording with Weinrich’s claim 4 is without legal significance.[2]
In its third opinion on the matter the board injected a further thought, having nothing to do with the rejection on the ground of estoppel, in these words:
Claims 4 and 5 require the oil to comprise hydrocarbons boiling above the range of gasoline. Appellant originally disclosed use of heavy hydrocarbons in the liquid phase. There is no indication that gasoline represents a dividing line of any significance (although it may well be in Weinrich 2,587,669 in which claim 4 originated).
This amounts to a holding of lack of supporting disclosure, as the Patent Office brief took it to be, on which appellant’s brief sheds no light since it merely says “there can be no doubt as to the support in appellant’s disclosure” in view of the allowance of claims 21, 22 and 23 referring in their preambles to hydrocarbon charge components boiling above the range of gasoline.
The allowance of claims 21, 22 and 23 is of no significance here, even if it seems to be inconsistent with the rejection of claim 4. In re Lee et al., 31 C. C. P. A. (Patents) 768, 773, 139 F. 2d 717, 60 USPQ 202. It certainly proves nothing with respect to appellant’s disclosure.
We regard the board’s last quoted reason for rejecting claim 4 as a new ground of rejection under Pule 196 (b), and appellant should have answered it. No special part of the specification has been called to our attention by appellant which supports the limitation of claim 4 but after careful study it appears obvious that the liquid hydrocarbons introduced into the channel or lift.leg (the “liquid oil” of claim 4) comprise hydrocarbons “boiling above the range of gasoline.” *928 (We take this to mean having higher boiling points than gasoline.) All claim 4 calls for, as a limitation on the process of claim 2, which the board held to be allowable, is the presence of the higher boiling oils in the charge. The specification as a whole clearly discloses this. As a mere narrowing of the scope of claim 2, we see no reason for requiring that the boiling point of gasoline be a dividing line of significance as a prerequisite to the allowance of claim 4. All the claim does is more closely restrict the invention to what is disclosed.
For the reasons stated, the decision of the board is reversed.
O’Connell, Judge, because of illness, was not present at the argument of this case and did not participate in the decision.
Jackson, Judge, Retired, recalled to participate herein in place of Cole, Judge, absent because of illness.

 Claim 2 on which appealed claim 4 depends is allowed and reads as follows :
2. The method of hydrocarbon conversion which comprises engaging a hot granular adsorptive contact mass with a vapor stream compatible with hydrocarbons, to effect elevation of said contact mass into and through an elongated vertical channel, admitting hydrocarbons in liquid state into said channel to contact said granular mass for heat exchange therewith thereby effecting at least partial vaporization of said hydrocarbons within said channel, and separating the contact mass from said vapors beyond said channel, said liquid hydrocarbons being introduced into said channel at a locus wherein the contact mass is in positive upward motion and is present in sufficiently high concentration to adsorb the liquid hydrocarbons contacted therewith, and the sensible heat content of said contact mass is sufficient to effect vaporization of said liquid hydrocarbons and to effect at least partial cracking of said liquid hydrocarbons to lower boiling products.

 It is noted that claim 4 is not in proper form as depending from applicant’s claim 2 because there is no antecent for “said liquid oil.” See Footnote 1.