**In re Kenneth L. BERGER.**

No. 01–1129.

United States Court of Appeals,
Federal Circuit.

DECIDED: Jan. 29, 2002.

Edward S. Irons, of Washington, DC, for appellant.

John M. Whealan, Solicitor, Office of the Solicitor, Patent and Trademark Office, of Arlington, VA for appellee. With him on the brief were Bruce J. Chasan, and Kristin L. Yohannan, Associate Solicitors. Of counsel was William LaMarca, Attorney, Office of the Solicitor.

Before NEWMAN, Circuit Judge, ARCHER, Senior Circuit Judge, and LINN, Circuit Judge.

LINN, Circuit Judge.

Kenneth L. Berger appeals the decision of the Board of Patent Appeals and Interferences ("Board") affirming the examiner's rejection of claims 1–4 and 8–20 under 35 U.S.C. § 112, paragraph 2, and of claim 7 under 35 U.S.C. §§ 102(e) and 135(b). Berger also seeks review of the Board's decision declining to review the examiner's refusal to enter amendments after final rejection of the claims. Because the Board did not err in affirming the examiner's rejections under §§ 112, 102(e), and 135(b), and because we, like the Board, do not review in connection with claim rejections an examiner's refusal to enter amendments after final rejection, we affirm.

## BACKGROUND

Berger filed U.S. Patent Application No. 08/315,629 ("the Berger application") with the Patent and Trademark Office ("PTO") on September 30, 1994, including claims 1–6. The Berger application is directed to a beverage can having an indentation on the side wall to accommodate the lower lip of the consumer and help minimize spillage when the consumer drinks from the can. Original claim 1 of the Berger application recites:

1. A beverage container comprising:

a circular top portion secured to a cylindrical wall by a rim, said top portion having means to provide an opening for consumption of a beverage in said container;

an indentation means extending from said rim along said wall at least for a distance equal to the distance said opening in said top portion extends from said

rim portion, said indentation means being positioned below said rim at a location adjacent said opening in said top, and within the surface area of said indentation means there being no portion extending away from the interior volume of said beverage container beyond where said indentation means and said wall portion meet.

Figures 5–8, depicting an embodiment of the Berger invention, are reproduced below:

FIG. 5 FIG.6

FIG.7 FIG.8

By amendment dated June 2, 1995, Berger added claim 7 by copying claim 1 of U.S. Patent No. 5,301,830 to Muller ("the Muller patent"), with the intent of provoking an interference between his application and the Muller patent. Berger claim 7 (Muller claim 1) recites:

7. In a container that is in the form of a beverage-containing can and has a top, bottom, and side portion interconnecting said top and bottom, with said top being provided with opening means for providing to a consumer access to contents of said can, the improvement wherein:

said side portion is provided with a circumferential groove having a first radial depth and a second radial depth extending further radially inwardly than said first radial depth, said groove being disposed adjacent to said can, with said second radial depth having a shape that is essentially adapted to a lower lip anatomy of a consumer;

said opening means includes a pull tab for removing a pull-out section to form a pour-out hole; and

said second radial depth being disposed only in the immediate vicinity of said pour-out hole.

Figures 1 and 2 of the Muller patent are reproduced below:

FIG. 2

FIG. 1

Berger subsequently filed an amendment adding new claims 8–20.

On June 10, 1997, the PTO examiner issued a final rejection of claims 1–20. Claims 1–4 and 8–20 were rejected under 35 U.S.C. § 112, paragraph 2, as being indefinite. The examiner cited several unclear limitations of the claims as well as other errors, such as improper double inclusion and lack of antecedent basis. Claims 5 and 6 were rejected for reasons not relevant to this appeal. Copied claim 7 was rejected under 35 U.S.C. § 135(b) as not having been made prior to one year from the date on which the Muller patent was granted. The Muller patent issued on April 12, 1994, and claim 7 was added to the Berger application on June 2, 1995, after the critical date of April 12, 1995. Claim 7 was further rejected as anticipated by Muller under 35 U.S.C. § 102(e). Berger filed a Notice of Appeal to the Board on June 25, 1997.

On August 4, 1997 Berger simultaneously filed a § 1.116(a) amendment ("amendment after final action") to the claims and an appeal brief. Berger argued in the brief that the Berger application complied with § 135(b) because original claims 1–6 were made within one year of the Muller issue date and copied claim 7 was entitled to the earlier effective date of those original claims. Berger failed to contest the merits of the § 112 rejections of claims 1–4 and 8–20, but instead argued that these rejections were moot in view of the § 1.116(a) amendment. In the amendment, Berger sought to amend claims 1, 8, 14, and 20, and add new claims 21–24

without canceling corresponding claims 10, 12 and 19.

The PTO examiner refused to enter the § 1.116(a) amendment submitted by Berger with his appeal brief. In an advisory action dated November 7, 1997, the examiner explained that the amendment did not place the claims in better form for appeal because several § 112 deficiencies would not be purged by the proposed changes and the changes raised new issues. The advisory action also noted that new claims 21–24 had been improperly added without canceling a corresponding number of finally rejected claims. Berger submitted another amendment on December 5, 1997 attempting to cancel claims 10, 12, and 19. In response, the PTO examiner issued another advisory action dated December 18, 1997 refusing to enter either of the amendments submitted by Berger after final rejection of the claims.

In its June 29, 2000 decision, the Board affirmed the examiner's rejections relevant to this appeal. The Board found that Berger's original claims 1–6 submitted prior to the critical date did not contain a material limitation of copied Muller claim 1: "said side portion is provided with a circumferential groove having a first radial depth and a second radial depth extending further radially inwardly than said first radial depth." The Board thus concluded that the copied claim, claim 7, was "substantially different" from claims 1–6. As a result, the rejections under §§ 135(b) and 102(e) were affirmed. As to the § 112 rejections, the Board found that Berger had not contested these rejections but had only argued that they were "moot" in view of the amendments submitted with Berger's appeal brief. Because the PTO had refused to enter the amendments submitted by Berger after final rejection of the claims, the § 112 rejections of claims 1–4 and 8–20 remained uncontested and were sustained

by the Board. The Board further found that the examiner had refused entry of the amendments submitted after final rejection in the proper exercise of his discretion, and Berger could obtain relief only via petition under 37 C.F.R. § 1.181, not by appeal in this proceeding.

Berger timely appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A) (1994).

## DISCUSSION

### A. Standard of Review

Compliance with 35 U.S.C. § 112, paragraph 2, is a question of law, which this court reviews de novo. *Miles Labs., Inc. v. Shandon, Inc.*, 997 F.2d 870, 874, 27 USPQ2d 1123, 1125 (Fed.Cir.1993). We review the Board's construction of 35 U.S.C. § 135(b) de novo, as statutory interpretation is a question of law. *In re McGrew*, 120 F.3d 1236, 1237, 43 USPQ2d 1632, 1634 (Fed.Cir.1997); *In re Kathawala*, 9 F.3d 942, 945, 28 USPQ2d 1785, 1786 (Fed.Cir.1993). Anticipation under 35 U.S.C. § 102 is a question of fact. *In re Schreiber*, 128 F.3d 1473, 1477, 44 USPQ2d 1429, 1431 (Fed.Cir.1997). We review the Board's factual findings for substantial evidence. *In re Gartside*, 203 F.3d 1305, 1315, 53 USPQ2d 1769, 1776 (Fed.Cir. 2000).

### B. Analysis

#### I. Rejection under § 135(b)

35 U.S.C. § 135(b) states:

(1) A claim which is the same as, or for the same or substantially the same subject matter as, a claim of an issued patent may not be made in any application unless such a claim is made prior to one year from the date on which the patent was granted.

35 U.S.C. § 135 (Supp.2001). This provision requires an applicant wishing to provoke an interference with an issued patent to do so by filing a claim which is "for the same or substantially the same subject matter" as a claim of the issued patent, prior to one year from the issue date of the patent. *Id.* A claim copied from a patent more than one year after the patent issue date may be rejected in an ex parte prosecution pursuant to 35 U.S.C. § 135(b). *McGrew,* 120 F.3d at 1239, 43 USPQ2d at 1635.

■ In this case, it is uncontested that the Muller patent was granted on April 12, 1994, and Berger claim 7 was added to the Berger application over one year later, on June 2, 1995. Thus, it is clear that Berger claim 7 was properly subject to rejection in this ex parte prosecution under § 135(b). Berger recognizes the relevance of § 135(b) but argues that the Board rejected claim 7 "for lack of 'express language' in appellant's timely-presented original claims [1–6] corresponding to the language of the copied Muller claim." Berger thus makes out an argument that copied claim 7 is directed to the same or substantially the same subject matter as his original claims 1–6 and therefore is entitled to the September 30, 1994 effective date of those original claims, well within the permissive one-year window of § 135(b).

■ Berger argues specifically that the final rejection was in error to the extent it relied on the finding that "[t]he structure (and therefore the claimed invention) of claim 7, is substantially different from claims 1–5." He contends that the PTO applied the wrong test and instead should have applied the comparison standard of 37 C.F.R. § 1.601(n). Berger argues that if the standard of § 1.601(n) had been applied, the PTO would have had to show that claim 7 is non-obvious in view of claims 1–6 under § 1.601(n) to conclude

that claim 7 is not directed to substantially the same subject matter as claims 1–6.

37 C.F.R. § 1.601 defines terms applicable to interferences conducted in the PTO and states, in part:

This subpart governs the procedure in patent interferences, in the Patent and Trademark Office.... Unless otherwise clear from the context, the following definitions apply to this subpart:

\* \* \*

(i) An interference is a proceeding instituted in the Patent and Trademark Office before the Board to determine any question of patentability and priority of invention between two or more parties claiming the same patentable invention.

\* \* \*

(n) Invention "A" is the same patentable invention as an invention "B" when invention "A" is the same as (35 U.S.C. 102) or is obvious (35 U.S.C. 103) in view of invention "B" assuming invention "B" is prior art with respect to invention "A". Invention "A" is a separate patentable invention with respect to invention "B" when invention "A" is new (35 U.S.C. 102) and non-obvious (35 U.S.C. 103) in view of invention "B" assuming invention "B" is prior art with respect to invention "A".

37 C.F.R. § 1.601 (2000) (emphasis in original).

■ Berger's arguments directed to § 1.601(n) are unavailing. Whether claim 7 is obvious in view of original claims 1–6 is not germane to the question of whether claim 7 is entitled to the earlier effective date of claims 1–6 for purposes of the one-year bar of 35 U.S.C. § 135(b). To establish entitlement to the earlier effective date of existing claims for purposes of the one-year bar of 35 U.S.C. § 135(b), a party must show that the later filed claim does

not differ from an earlier claim in any "material limitation." *Corbett v. Chisholm,* 568 F.2d 759, 765–66, 196 USPQ 337, 343 (CCPA 1977). This is a distinctly different question from whether claims made for purposes of interference by different parties are directed to the same or substantially the same subject matter.

 The comparison standard of 37 C.F.R. § 1.601(n) was formulated not to determine the effective date of a claim in one party's application for compliance with § 135(b), but instead to define the extent of interfering subject matter as between applications of potentially conflicting parties. *See In re Van Geuns,* 988 F.2d 1181, 1185, 26 USPQ2d 1057, 1060 (Fed.Cir. 1993). Section 1.601(n) is applied, after other prerequisites to declaration of an interference are satisfied, to determine which claims are properly designated to correspond to the "count." *See In re Roemer,* 258 F.3d 1303, 1307–08, 59 USPQ2d 1527, 1530 (Fed.Cir.2001) ("[t]he 'same patentable invention' requirement . . . concerns only the relationship between the Count and the claims sought to be additionally designated. It does not concern general patentability over the prior art.") (quoting *Maier v. Hanawa,* 26 USPQ2d 1606, 1609, 1992 WL 475809 (Com'r Pat. & Trademarks 1992)). In contrast, section 135(b) was enacted to codify a legal principle akin to laches, imposing "a statute of limitations, so to speak, on interferences so that the patentee might be more secure in his property right." *Corbett,* 568 F.2d at 764–65, 196 USPQ at 342. To further that purpose, a copied claim may be entitled to the earlier effective date of prior claims in an application only if the copied claim does not differ from the prior claims in any material limitation. *Id.* at 766, 568 F.2d 759, 196 USPQ at 343. The analysis focuses on the copied claim to determine whether all material

limitations of the copied claim necessarily occur in the prior claims. *Id.* If all material limitations of the copied claim are present in, or necessarily result from, the limitations of the prior claims, then the copied claim is entitled to the earlier effective filing date of those prior claims for purposes of satisfying 35 U.S.C. § 135(b). *See Corbett,* 568 F.2d at 765–66, 196 USPQ at 342; *In re Schutte,* 44 C.C.P.A. 922, 244 F.2d 323, 326, 113 USPQ 537, 540 (1957).

Applying the comparison standard of *Corbett* to the present case, substantial evidence supports the Board's finding that copied claim 7 is not entitled to the earlier date of claims 1–6. The Board correctly found that original Berger claims 1–6 do not include language directed to the material "circumferential groove" limitation of copied claim 7: "said side portion is provided with a circumferential groove having a first radial depth and a second radial depth extending further radially inwardly than said first radial depth."

Although Berger's original claim 1 recites "indentation means," the claimed "indentation means" limitation is not "a circumferential groove having a first radial depth and a second radial depth extending further radially inwardly than said first radial depth," as recited in added claim 7. These respective limitations differ from each other in a number of material ways. For example, the Berger "indentation means" do not necessarily require first and second radial depths.

 The Board found the "circumferential groove" limitation to be material because it was added by Muller during prosecution to avoid prior art. We agree with the Board's determination of materiality. Inclusion of a limitation in a claim to avoid the prior art provides strong evidence of the materiality of the included limitation. *Parks v. Fine,* 773 F.2d 1577, 1579, 227 USPQ 432, 434 (Fed.Cir.1985).

Because the prior art applies in like manner to the claims as copied, the materiality of a limitation in a claim copied to provoke an interference translates to the copying inventor's application for purposes of assessing compliance with 35 U.S.C. § 135(b). Because original claims 1–6 do not include a material limitation of claim 7, we find no error in the Board's finding that claim 7 is not entitled to the effective date of the original claims.

■ Berger goes on to argue that the structure recited in the original Berger claims is equivalent to claim 7, even if the material "circumferential groove" limitation is not expressly set forth. To establish entitlement to the effective filing date of an earlier claim for compliance with section 135(b), a material limitation need not be expressed explicitly, but may also be expressed inherently if the material limitation "necessarily results" from other limitations in the claim. *Schutte*, 244 F.2d at 326, 113 USPQ at 540. To the extent that Berger relies on inherency, however, we find the argument unavailing. Berger claim 1 recites "an indentation means extending from said rim along said wall at least for a distance equal to the distance said opening in said top portion extends from said rim portion, said indentation means being positioned below said rim at a location adjacent said opening in said top." The language "extending ... at least for a distance" illustrates that the indentation means are not limited to require first and second radial depths as recited in the material "circumferential groove" limitation. Nothing in Berger claim 1 requires first and second radial depths, and thus the material "circumferential groove" limitation of claim 7 does not "necessarily result[ ]." *See Schutte*, 244 F.2d at 326, 113 USPQ at 540. Therefore, a material limitation of claim 7 is not present explicitly, implicitly, or inherently in claim 1. Berger claims 2–6 similarly do not include the material "circumferential groove" limitation.

Berger argues that the specification and drawings of his application show "substantially the same subject matter" as Berger claim 7. As our precedent makes clear, "[t]he inquiry here is not whether such a step is inherently disclosed, as it might be in a right-to-make case. Rather, the question is whether the step necessarily occurs in the process as claimed." *Parks*, 773 F.2d at 1580, 227 USPQ at 434 (quoting *Corbett*, 568 F.2d at 766, 196 USPQ at 343) (emphasis in original). Thus, Berger may not rely on the content of his specification and drawings to satisfy section 135(b). *Id.*

Because Berger's original claims 1–6 do not include a material limitation of Berger claim 7, copied claim 7 is not entitled to the earlier effective date of those original claims for purposes of satisfying § 135(b). Thus, the Board correctly affirmed the examiner's rejection of Berger claim 7 under 35 U.S.C. § 135(b).

## II. Rejection under § 102(e)

■ Berger contends that the examiner's rejection of claim 7 under 35 U.S.C. § 102(e) is erroneous in view of the § 1.131 declaration of Kenneth L. Berger filed February 19, 1997. However, a § 1.131 declaration may not be used to swear behind a U.S. patent claiming the same patentable invention. 37 C.F.R. § 1.131 (2000); *In re Eickmeyer*, 602 F.2d 974, 979, 202 USPQ 655, 660 (CCPA 1979). Berger copied claim 1 of the Muller patent as Berger claim 7. Categorically, the Muller patent claims the same patentable invention as Berger claim 7. Therefore, Berger's § 1.131 declaration cannot overcome the examiner's rejection. The Board correctly affirmed the examiner's rejection of claim 7 under § 102(e).

### III. Rejections Under § 112, paragraph 2

In an amendment submitted at the same time as the appeal brief to the Board, Berger attempted to amend claims 1, 8, 14, and 20; attempted to add new claims 21–24; and explained in the brief:

> The § 1.116(a) amendment includes new claims 21 to 24 which are claims 10 (depends from both claim 8 and claim 9), 12, and 19 as required by the final action to impart patentability thereto. Claims 10, 12 and 19 are not cancelled pending disposition of this appeal as to the base claim involved.

> Berger also argued that the § 112 rejections were "moot" in view of the amendment submitted concurrently with the appeal brief to the Board. However, the examiner refused to enter the § 1.116(a) amendment. Claims 1–4 and 8–20 before the Board continued to include the § 112 errors cited previously by the examiner.

■ Berger failed to contest the merits of the § 112, paragraph 2 rejections in his appeal brief before the Board and in his briefs to this court. Instead, Berger argues that the examiner improperly refused to enter amendments which, if entered, would have obviated the § 112, paragraph 2 rejections. As noted below, the examiner's refusals to enter Berger's proposed amendments are unreviewable in this proceeding. Because the Board did not pass on the merits of the § 112, paragraph 2 rejections in the proceedings below, and because Berger did not contest the merits of these rejections in his brief to this court, this issue is waived. *See Interactive Gift Express, Inc. v. Compuserve Inc.*, 256 F.3d 1323, 1344, 59 USPQ2d 1401, 1417 (Fed. Cir.2001).

### IV. Examiner's Refusal to Enter Amendments *After Final* Action

■ Berger argues that the examiner abused his discretion by refusing to enter the amendments Berger submitted after final rejection of the claims. The PTO argues that this issue may be the subject of a petition to the Commissioner, but may not be reviewed by the Board in connection with a rejection of claims. The PTO is correct.

> The refusal of an examiner to enter an amendment after final rejection of claims is a matter of discretion. If there is an abuse of discretion, the matter may be remedied by a Rule 181 petition to the Commissioner of Patents. Ultimate judicial review of such matters of practice and procedure may be had in District Court. This court, like the Board of Appeals, does not consider the issue of whether the examiner's refusal to enter the proposed amendment after final rejection constituted an abuse of discretion on his part.

*In re Mindick*, 54 C.C.P.A. 1053, 371 F.2d 892, 894, 152 USPQ 566, 568 (1967).

These views were further confirmed in *In re Hengehold*:

> There are a host of various kinds of decisions an examiner makes in the examination proceeding—mostly matters of a discretionary, procedural or nonsubstantive nature—which have not been and are not now appealable to the board or to this court when they are not directly connected with the merits of issues involving rejections of claims, but traditionally have been settled by petition to the Commissioner.

58 C.C.P.A. 1099, 440 F.2d 1395, 1403, 169 USPQ 473, 479 (1971).

Regulations promulgated by the PTO are consistent with these views:

From the refusal of the primary examiner to admit an amendment, in whole or in part, a petition will lie to the Commissioner under § 1.181.

37 C.F.R. § 1.127 (2000).

The discretionary decision of the examiner to refuse to enter Berger's amendments submitted after final rejection is not reviewable by this court in this proceeding.

### V. Berger's Alternative Motion to Vacate or Remand

In light of our disposition on the merits, we deny as moot Berger's motion of November 15, 2001, styled "Appellant's Alternative Motion to Vacate November 13, 2001 Order or Remand."

### CONCLUSION

Because the Board did not err in affirming the examiner's rejections under §§ 112, 102(e), and 135(b), we affirm.

*AFFIRMED.*

### COSTS

No costs.