NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

(Reexamination No. 90/010,007)

## IN RE MEYER MANUFACTURING CORPORATION

---

2010-1304

---

Appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

---

Decided: December 17, 2010

---

JOSEPH A. KROMHOLZ, Ryan, Kromholz & Manion, S.C., of Milwaukee, Wisconsin, for appellant.

RAYMOND T. CHEN, Solicitor, United States Patent and Trademark Office, of Alexandria, Virginia, for appellee. With him on the brief were BENJAMIN D. M. WOOD and ROBERT MCMANUS, Associate Solicitor.

---

Before LOURIE, CLEVENGER, and MOORE, *Circuit Judges*.

MOORE, *Circuit Judge.*

Meyer Manufacturing Corporation (Meyer) appeals the decision of the United States Patent and Trademark Office (USPTO) Board of Patent Appeals and Interferences (Board) affirming the examiner's rejection of all claims of U.S. Patent No. 5,501,404 (the '404 patent) as obvious over U.S. Patent No. 5,435,494 (Knight) in view of U.S. Patent No. 5,275,335 (the '335 patent) during ex parte reexamination. We *affirm*.

## BACKGROUND

Meyer's '404 patent, directed to a manure spreader, is a continuation-in-part (CIP) of U.S. Patent No. 5,368,236 (the '236 patent or the parent). The principal difference between the '404 patent and its parent's specification is the height of the disclosed spreader's expellers relative to its discharge opening. In the figures, the parent shows an expeller approximately the same height as its discharge opening. The parent's specification mentions size only twice. For example:

> The improved manure spreader of the present invention may utilize one or two expellers . . . . With a horizontal expeller, the length of the expeller is approximately equal to the width of the box discharge opening. With a vertical expeller, the length of the expeller is approximately equal to the height of the discharge opening.

'236 patent col.3, ll.35-45; *see also* col.6, ll.34-35. Only independent claim 12 recites a limitation on expeller size: "wherein the expellers have respective axial lengths that are generally equal to the height of the discharge opening." *Id.*

During prosecution of the parent application, Meyer sought to amend four independent claims to include a half-height limitation, where the axial length of the expeller is at least half the height of the discharge opening. During a March 24, 1994 interview, the examiner tentatively agreed, pending supervisor approval. On April 29, 1994, the examiner informed Meyer that he would not enter the amendment because it would add new matter to the specification. Meyer allowed the claims to issue without the amendments, and on July 8, 1994, filed a CIP that disclosed and claimed the half-height expellers. The CIP issued as the '404 patent.

In 2007, an ex parte reexamination of the '404 patent in view of Knight and the '335 patent was requested after Meyer asserted the '404 patent against another manufacturer. Knight discloses a manure spreader having a full-height vertical expeller. In reexamination, the examiner issued a first office action rejecting all claims in the '404 patent as obvious in view of Knight. Knight was filed on April 18, 1994—after Meyer attempted to add the half-height expeller limitation to the parent application, but before Meyer filed the '404 patent. Meyer responded with two arguments that Knight was not prior art. First, Meyer asserted that the rejected claims could claim priority to its parent, and asserted that both Knight and the parent show similar "tall expellers" that are at least half the height of the discharge opening. The examiner considered this argument, but found it unpersuasive. Second, Meyer asserted that the inventors conceived the claimed invention including the half-height expeller before Knight's filing date, as evidenced by the March 24, 1994 examiner interview summary sheet in the parent's file wrapper. Meyer, however, failed to file an affidavit of prior invention as required under 37 C.F.R. § 1.131. Accordingly, the examiner issued a final rejection explain-

ing that the requirements of § 1.131 were not met by the previous response. Meyer subsequently filed a § 1.131 affidavit (the Amendment C affidavit) from the inventors, referencing the March 1994 examiner interview as evidencing conception, and attesting that the inventors and their attorney "were diligent in drafting, revising, and filing the subject patent" from before Knight's filing date until the '404 patent was filed. The inventors' affidavit provided no further facts supporting their assertion of diligence. The examiner entered the affidavit, but noted in an Advisory Action that it was insufficient to establish diligence. On August 19, 2008, Meyer mailed a notice of appeal and filed additional affidavits from the inventors and the attorney who prosecuted the '404 patent and its parent. In the remarks accompanying the affidavits, Meyer stated that "Applicants have filed a notice of appeal." The USPTO received the affidavits on August 21, 2008, and the Notice of Appeal one day later. Despite the fact that the affidavits were received before the Notice of Appeal, the examiner treated the affidavits as if they had been filed *after* the Notice of Appeal, and refused to enter them.

On appeal, the Board affirmed the examiner's refusal to accord the parent's filing date to the '404 patent claims on the basis of written description, reasoning that the parent specification does not convey with reasonable clarity that the inventor was in possession of the half-height impeller. The Board also concluded that the first affidavit was insufficient to establish diligence because it was "vague and general in nature, lacking in any details, and thus, is not of character and weight sufficient to establish diligence." The Board explained that because the examiner refused entry of the second round of affidavits, they were not part of the present appeal. The Board then affirmed the examiner's determination that the '404

patent was obvious over Knight.  Meyer appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We review the Board's ultimate determination of obviousness de novo and its underlying findings of fact for substantial evidence.  *In re Gartside*, 203 F.3d 1305, 1315-16 (Fed. Cir. 2000).  On appeal, the only disputed claim element is the half-height expeller.  Meyer argues that Knight is not prior art because the '404 patent claims are supported by its parent's specification and thus entitled to the earlier filing date.  We review a written description determination for substantial evidence.  *Vas-Cath, Inc. v. Mahurkar*, 935 F.2d 1555, 1561 (Fed. Cir. 1991).  The parent's specification discloses vertical expellers having a height approximately equal to the height of the discharge opening.  '236 patent at col.3, ll.35-45; col.6, ll.34-35; FIGs. 1-4; 7, 8, 11.  Nowhere does the parent disclose shorter vertical expellers.  As such, substantial evidence supports the Board's determination that the parent's specification fails to convey with reasonable clarity to one skilled in the art that the inventors were in possession of the shorter expellers when the parent was filed.

Meyer takes issue with the Board's conclusion that the full-height expeller disclosed in Knight could render its claims obvious, yet the full-height expeller disclosed in the parent does not support the claims.  Meyer asserts that the Board "failed to consider the possible conflux of obviousness and the written description. The Board has not shown why the two principles cannot meet at a point at which both the obviousness principle and the written description principle may be applied interchangeably."  But whether the '404 patent's "at least one-half the height" limitation reads on a full-size expeller such as the

one disclosed by Knight is a different analysis from whether the parent's disclosure of a full-size expeller meets the written description requirement. *See Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1352 (Fed. Cir. 2010) (en banc) ("[A] description that merely renders the invention obvious does not satisfy the requirement.") (citing *Lockwood v. Am. Airlines*, 107 F.3d 1565, 1571-72 (Fed. Cir. 1997)). Meyer also argues that the discharge opening defines an upper limit to the "at least one-half the height" limitation in the '404 patent claims. The Board, however, correctly construed the "at least one-half the height" limitation to read on all expellers having a height larger than one-half the discharge opening.

Meyer further argues that Knight is not prior art because the '404 patent claims are entitled to a conception date of no later than March 24, 1994, when Meyer attempted to amend pending claims in the parent to include the half-height expeller limitation. While the attempt to amend the claims of the parent may establish conception, to antedate a reference, Meyer must show earlier conception *and* diligence from his conception until his subsequent filing of the CIP.

We review a finding regarding diligence, which is a question of fact, for substantial evidence. *See Monsanto Co. v. Mycogen Plant Sci., Inc.*, 261 F.3d 1356, 1369 (Fed. Cir. 2001). Merely asserting diligence is not enough; a party must "account for the entire period during which diligence is required." *Gould v. Schawlow*, 363 F.2d 908, 919 (CCPA 1966). The Board is correct that the Amendment C affidavit with a conclusory assertion of diligence is insufficient. Meyer is left with an unexplained gap of just over two months. "We may surmise that appellant was probably diligent, but mere surmise cannot take the place of proof." *Gould*, 363 F.3d at 919 (internal quota-

tion omitted) (refusing to excuse a two-month lapse). Absent such proof, we find that the Board's determination that Meyer failed to show reasonable diligence is supported by substantial evidence.

Meyer next argues that the examiner erred in refusing to enter the second round of § 1.131 affidavits because, contrary to the examiner's assertion, the affidavits were not filed after the filing date of the notice of appeal, and thus should have been held to the more lenient standard of 37 C.F.R. § 1.116(e). When filing a Rule 131 affidavit or other evidence after a final rejection but before or simultaneously with filing a notice of appeal, the patentee is required to show good and sufficient reason why the submission is necessary and was not presented earlier. 37 C.F.R. § 1.116(e). But if the patentee submits an affidavit or other evidence after filing a notice of appeal, the examiner must also determine that the submission overcomes all rejections under appeal. 37 C.F.R. § 41.33(d).

The USPTO responds that this question is not properly before the court because, under 37 C.F.R. § 1.127 and *In re Berger*, 279 F.3d 975, 984 (Fed. Cir. 2002), the refusal to enter an amendment after final rejection is a matter of the examiner's discretion. Thus, the USPTO concludes that if Meyer believed that the examiner abused that discretion, Meyer should have petitioned the Director of the USPTO under 37 C.F.R. § 1.181. If the USPTO then denied that petition, Meyer could appeal to a district court and ultimately to this court.

Though the examiner might well have erred by asserting that Meyer's second round of affidavits were filed after the notice of appeal and by applying the stricter standard recited in § 41.33(d), we cannot reach that issue

in this appeal.  Although § 1.127 and *Berger* expressly address amendments to the specification or claims, and not affidavits, Meyer was required to first seek remedy by petition.  As we said in *Berger*:

> There are a host of various kinds of decisions an examiner makes in the examination proceeding-- mostly matters of a discretionary, procedural or nonsubstantive nature--which have not been and are not now appealable to the board or to this court when they are not directly connected with the merits of issues involving rejections of claims, but traditionally have been settled by petition to the Commissioner.

279 F.3d at 984 (quoting *In re Hengehold*, 440 F.2d 1395, 1403 (CCPA 1971) (internal quotation marks omitted). Furthermore, the Manual of Patent Examining Procedure (MPEP) informs patentees undergoing reexamination that "[r]eview of an examiner's refusal to enter an affidavit as untimely is by petition and not by appeal to the Board of Patent Appeals and Interferences." MPEP § 715.09 (citing *In re Deters*, 515 F.2d 1152 (CCPA 1975)); *see also* MPEP § 2265 ("[A]ffidavits submitted after final rejection are subject to the same treatment as amendments submitted after final rejection.").  As such, we cannot now address the examiner's apparent error.

CONCLUSION

For the foregoing reasons, we affirm.

**AFFIRMED**

COSTS

No costs.