NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: ALICE MARY O'DONNELL KIELY,**
*Appellant*

---

2022-1076

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 11/634,624.

---

Decided:  June 8, 2022

---

ALICE O. KIELY, Yorktown Heights, NY, pro se.

MAI-TRANG DUC DANG, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Katherine K. Vidal.  Also represented by KAKOLI CAPRIHAN, THOMAS W. KRAUSE, AMY J. NELSON, FARHEENA YASMEEN RASHEED.

---

Before REYNA, HUGHES, and STOLL, *Circuit Judges*.

PER CURIAM.

Pro se Appellant Alice Mary O'Donnell Kiely appeals a decision by the Patent Trial and Appeal Board affirming an examiner's final rejection of claims 41–54, 56, 57, and 59–64 of U.S. Patent Application No. 11/634,624.  The Board

upheld the examiner's determination that all claims at is-
sue are indefinite pursuant to 35 U.S.C. § 112(b).[1]   The
Board also upheld the examiner's determinations that each
claim is anticipated or obvious over prior art.  We affirm.

BACKGROUND

Kiely applied for a U.S. patent with various claims di-
rected to a "comestible kit," or in other words, a kit for as-
sembling an edible toy.  Claim 41 is representative:

> 41. A comestible kit for the creation of one or more
> assembly configurations comprising:
>
> > (a) comprising a *torso* comprising a pro-
> > cessed comestible generally shaped to rep-
> > resent a torso comprising *a selection from
> > the group comprising* a person, an animal,
> > an animated character, a creature, an al-
> > ien, a toy, a structure, a vegetable, and a
> > fruit, or
> >
> > (b) comprising an *appendage* comprising a
> > comestible generally shaped to represent
> > an appendage comprising *a selection from
> > the group comprising* a person, an animal,
> > an animated character, a creature, an al-
> > ien, a toy, a structure, a vegetable, and a
> > fruit.

App'x 198 (emphases added).

The examiner first rejected all pending claims pursu-
ant to 35 U.S.C. § 112(b) for failure to point out and

---

[1]   Although the record contains many citations to the
provisions of 35 U.S.C. § 112 by paragraph numbers one
through six, we refer to the statute here as it was amended
in 2011, with subsections (a) through (f).  *See* 35 U.S.C.
§ 112 (2011).

particularly claim the subject matter of the claimed invention. App'x 14. The examiner explained that each independent claim incorporates Markush grouping language but defines the group with an open-ended claim term, "comprising," which is not permissible. *See* App'x 15–17.[2]

The examiner also determined that claims 41–46, 48–54, 56, and 61–64 are anticipated by U.S. Patent No. 4,943,063 ("Moreau"); claim 47 is obvious over Moreau alone;[3] and claims 57, 59, and 60 are obvious over Moreau in view of U.S. Patent No. 4,431,395 ("Babos").[4] *See* App'x 14–15. Moreau teaches edible blocks that can be separated into pieces for constructing an edible toy. App'x 414 (teaching "edible portions having shapes which are close-fitting and interrelating with one another to form one or more three-dimensional objects when put together" (col. 2 ll. 3–6)). Moreau also teaches that the resulting edible toy can be "virtually anything, including representation[s] of

---

[2]    The examiner also rejected claims 45 and 64 as indefinite because they recite the subjective terms "whimsical" and "silly" without specifying a standard for determining the requisite degree required to satisfy those terms. *See* App'x 17–18. Similarly, the examiner rejected claims 49, 52, and 54 as indefinite, for improperly invoking § 112(f), because they recite "attachment means" without disclosing any corresponding structure. App'x 18–19. We do not address these issues, as they are moot in light of our opinion today.

[3]    Claim 47 recited: "The comestible kit of claim 41 wherein said comestible kit further comprises a variety pack." App'x 199.

[4]    Claims 59 and 60 depend from independent claim 57. Claim 57 is nearly identical to claim 41, except that it discloses "a *mold* for the construction of a torso . . . [and] a *mold* for the construction of an appendage . . . ." App'x 201 (emphases added).

known characters and familiar objects of everyday life, people and animals, etc." *Id.* (col. 2 ll. 49–52).  Babos teaches molds for making panels that can be used to build an edible structure such as a gingerbread house.  App'x 418–21.

On May 19, 2021, the Board issued a decision affirming the examiner's rejections.  On August 18, 2021, the Board issued another decision denying Kiely's request for rehearing.  Kiely appeals.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A).

STANDARD OF REVIEW

We review the Board's legal conclusions de novo and its factual findings for substantial evidence.  *ACCO Brands Corp. v. Fellowes, Inc.*, 813 F.3d 1361, 1365 (Fed. Cir. 2016).  Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *In re Gartside*, 203 F.3d 1305, 1312 (Fed. Cir. 2000) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229–30 (1938)).

Compliance with the definiteness requirement of 35 U.S.C. § 112(b) is a question of law.  *See In re Berger*, 279 F.3d 975, 980 (Fed. Cir. 2002) (citing *Miles Lab'ys, Inc. v. Shandon, Inc.*, 997 F.2d 870, 874 (Fed. Cir. 1993)).  Anticipation pursuant to 35 U.S.C. § 102 is a question of fact. *Id.* (citing *In re Schreiber*, 128 F.3d 1473, 1477 (Fed. Cir. 1997)).  Obviousness is a question of law with underlying factual issues relating to the scope and content of the prior art, differences between the prior art and the claims at issue, the level of ordinary skill in the pertinent art, and any objective indicia of non-obviousness.  *Randall Mfg. v. Rea*, 733 F.3d 1355, 1362 (Fed. Cir. 2013) (citing *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406 (2007); *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17–18 (1966)).

## DISCUSSION

### I

We first address the issue of indefiniteness.  We conclude that claims 41–54, 56, 57, and 59–64 are unpatentable under § 112(b) because they employ improper Markush language.  A proper Markush claim incorporates a *closed* list of specified alternative limitations.  *Abbott Lab'ys v. Baxter Pharm. Prods., Inc.*, 334 F.3d 1274, 1280–81 (Fed. Cir. 2003).  A Markush claim that recites a selection from an *open* list of alternatives—by using, for example, an open-ended transition word like "comprising"—generally violates 35 U.S.C. § 112(b) because such a claim fails to make clear what unlisted alternatives, if any, are intended to be encompassed by the claim.  *Id.*; Manual of Patent Examining Procedure ("MPEP") §§ 2117, 2173.05(H).

Here, each independent claim recites "a selection from the group *comprising* a person, an animal, an animated character, a creature, an alien, a toy, a structure, a vegetable, and a fruit."  *See* App'x 198–202 (emphasis added).  Given the breadth of variation among the specified alternatives and the use of the open-ended word "comprising" to define the scope of the list, we affirm the Board's conclusion that the pending claims recite improper Markush language and are indefinite under § 112(b).

### II

We also conclude that substantial evidence supports the Board's finding that claims 41–46, 48–54, 56, and 61–64 are anticipated by Moreau.  Each claim recites a "torso" piece and an "appendage" piece, both "generally shaped to represent . . . a selection from the group comprising a person, an animal, an animated character, a creature, an

alien, a toy, a structure, a vegetable, and a fruit."[5] App'x 198–202. Similarly, Moreau teaches that a constructed edible toy can be shaped into "representation[s] of known characters and familiar objects of everyday life, people and animals, etc." App'x 414 (col. 2 ll. 50–52). Moreau also teaches that its edible toy can be constructed by joining separate pieces together, which the Board found akin to joining an appendage piece to a torso piece, as claimed. *Id.* (col. 2 ll. 3–6). Based on this record, we affirm the Board's finding that the relevant claim limitations are disclosed by Moreau and that the claims are therefore anticipated under § 102.

## III

Lastly, we affirm the Board's determinations that claim 47 is obvious over Moreau and that claims 57, 59, and 60 are obvious over Moreau in view of Babos.

Kiely contends that claim 47 is non-obvious because it depends from claim 41, which the Board did not reject as obvious. Appellant's Br. 61 (citing *In re Fine*, 837 F.2d 1071, 1076 (Fed. Cir. 1988)); App'x 32. It is generally true that dependent claims are non-obvious under § 103 if the independent claims from which they depend are determined to be non-obvious. *See In re Fine*, 837 F.2d at 1076. Here, however, claim 41 was determined to be anticipated under § 102. The examiner and the Board did not determine whether claim 47 is non-obvious under § 103 because they did not need to in light of the § 102 finding. These

---

[5] The dependent claims that were rejected under § 102 introduce other limitations that Kiely does not challenge on appeal as anticipated by Moreau. For example, claim 42 recites "[t]he comestible kit of claim 41 wherein said torso and said appendage comprise an attachment to each other." J.A. 198. Accordingly, we focus our analysis on only those limitations that Kiely identifies on appeal.

circumstances do not render claim 47 automatically non-obvious.

As to claims 57, 59, and 60, which recite a mold for construction of the torso and appendage pieces, Kiely concedes that "Babos teaches a Gingerbread house apparatus, i.e., a mold, or cake tins." Appellant's Br. 63. Kiely contends, nevertheless, that neither Babos nor Moreau "supply the missing elements of claim 57, such as a separate torso, a separate appendage, or a kit." *Id.* We find this argument unpersuasive. As discussed above, substantial evidence supports the Board's finding that Moreau discloses those elements.

## CONCLUSION

In sum, we affirm the Board's determinations that the claims at issue are unpatentable as indefinite under § 112(b) and that they are anticipated under § 102 or obvious under § 103. We have considered the remainder of the arguments raised on appeal and find them unpersuasive.

## **AFFIRMED**

### COSTS

No costs.